IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MARK JONES and KEN HANSEN, derivatively on behalf of MORGAN GAS & OIL, INC.; JEROME BARAL, DDS; JOHN U. COURTNEY, JR.; LINDSAY RALPHS, Trustee of the T.F. RALPHS LIVING TRUST; RAYMOND E. WILKIN; AND BARBARA STOTTERN, <br><br>    Plaintiffs, <br><br> vs. <br><br> JOHN FIFE, <br><br>    Defendant. | ORDER ON MOTIONS TO DISMISS <br><br><br><br> Case No. 2:06-CV-00030 PGC |

In this diversity action, the plaintiffs allege that the defendant and Chief Executive Officer of Utah Resources International, Inc. (URI), John Fife, breached fiduciary duties and made misrepresentations causing them to sell their stock in URI to him for less than fair market value. The plaintiffs further allege that Mr. Fife's actions resulted in collective damages of at least $650,000. The plaintiffs also seek an unspecified amount in punitive damages.

Mr. Fife has filed separate motions to dismiss each of the plaintiffs' claims. Mr. Fife moves to dismiss plaintiffs Jerome Baral, DDS; John U. Courtney Jr.; Barbara Stottern; and Lindsay Ralphs, Trustee of the T.F. Ralphs Living Trust, for lack of jurisdiction. These plaintiffs

(hereinafter the supplemental plaintiffs) respond that pursuant to 28 U.S.C. § 1367, the court has supplemental jurisdiction over their claims and have filed cursory motions to amend the Amended Complaint.  The supplemental plaintiffs, however, have not alleged sufficient facts showing that the court can exercise jurisdiction over their claims.  The court therefore dismisses their claims without prejudice and denies their motions to amend the Amended Complaint.

Mr. Fife moves to dismiss plaintiff Raymond Wilkin on the basis of improper venue.  Mr. Wilkin opposes the motion to dismiss and has filed a cursory motion to amend the Amended Complaint.  Mr. Wilkin has not made out a prima facie case that venue is proper in this district.  Accordingly, the court dismisses Mr. Wilkin's claims without prejudice and denies his motion to amend the Amended Complaint.

Finally, Mr. Fife moves to dismiss Mr. Jones and Mr. Hansen, who bring this action derivatively on behalf of Morgan, Gas and Oil, Inc. (MGO).  Mr. Fife moves to dismiss Mr. Jones' and Mr. Hansen's (along with the other plaintiffs') claims on the grounds that the Amended Complaint fails to state a claim upon which relief can be granted and the breach of fiduciary duty and misrepresentation claims are not pleaded with particularity as required by Rule 9(b).[1]  Mr. Fife also moves to dismiss on the ground that Mr. Jones and Mr. Hansen did not allege with sufficient particularity why they did not make a demand upon MGO before bringing this action as required by Rule 23.1[2]  The court concludes that the Amended Complaint states a claim and that the breach of fiduciary duty claim is sufficiently pleaded.  The court, however,

---

[1] *See* Fed. R. Civ. P. 9(b).

[2] *See* Fed. R. Civ. P. 23.1.

agrees that the misrepresentation claim is not pleaded with particularity and Mr. Jones and Mr. Hansen did not sufficiently plead why they did not make a demand upon MGO before bringing this action.

Mr. Jones and Mr. Hansen have also filed a cursory motion to amend the Amended Complaint. Because in opposing the motion to dismiss, Mr. Jones and Mr. Hansen have made additional allegations in support of its allegation that demand upon MGO would have been futile, the court will allow Mr. Jones and Mr. Hansen to file another amended complaint that complies with Rule 23.1, on or before February 21, 2007. Mr. Jones and Mr. Hansen may also amend their misrepresentation claim to include any factual allegations they may have that are sufficient to satisfy Rule 9(b).

## BACKGROUND

Mr. Fife is the controlling shareholder and Chief Executive Officer of URI, which is incorporated in Utah. In 1999, URI carried out a reverse stock-split whereby shareholders received one share of new stock for each 1,000 share-block of outstanding stock. Shareholders holding shares in amounts less than 1,000 were paid $3.35 per share. In 2000, Mr. Fife purchased 19 shares from Mr. Wilkin at $1,000 per share. At different times in 2003, Mr. Fife acquired shares from the other plaintiffs at $2,750 per share. In July 2004, URI carried out another reverse split. Each shareholder received a new share for each 500 share-block of outstanding stock. URI purchased shares in amounts less than 500 at $5,250 per share.

In February 2006, the plaintiffs brought this action against Mr. Fife. In their Amended Complaint, the plaintiffs allege that Mr. Fife breached fiduciary duties and made

misrepresentations or omitted material facts when he purchased their shares thereby damaging them.  Specifically, the plaintiffs allege that Mr. Fife: (1) purchased their shares at a price that he "knew or should have known to be substantially below the fair market value of the shares;" (2) failed to disclose material information regarding URI's financial condition and its assets; and (3) failed to disclose the intent of Mr. Fife and URI to carry out the 2004 reverse split under which they would have received substantially more for their shares than they received from Mr. Fife.  Mr. Fife has filed separate motions to dismiss each plaintiff.  The plaintiffs oppose the motions.

## ANALYSIS

**I.      Motions to Dismiss Mr. Baral, DDS; Ms. Stottern; Mr. Courtney; and Ms. Ralphs, as trustee of the T.F. Ralphs Living Trust, for Lack of Jurisdiction**

Mr. Fife moves to dismiss the claims of these supplemental plaintiffs for lack of subject matter jurisdiction.  The party invoking federal jurisdiction bears the burden of setting forth facts necessary to support jurisdiction.[3]  Mr. Fife contends that (1) the supplemental plaintiffs' claims individually do not meet the amount in controversy requirement and (2) aggregation of the supplemental plaintiffs' claims with the other plaintiffs' claims is inappropriate because the plaintiffs "had separate and independent dealings with" Mr. Fife.  The supplemental plaintiffs respond that Mr. Jones' and Mr. Hansen's claim satisfies the amount in controversy requirement.  Therefore, the supplemental plaintiffs argue this court has supplemental jurisdiction over their claims under 28 U.S.C. § 1367.

Section 1367 provides that subject to certain exceptions,

---

[3] *See Penteco Corp. Ltd. P'ship– 1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991).

in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.[4]

The Supreme Court has recently interpreted this section to provide that if a district court has original diversity jurisdiction over a claim, the district court may exercise supplemental jurisdiction over additional claims although the additional claims do not meet the amount in controversy requirement if the claims are part of the same case or controversy.[5] Mr. Fife does not dispute that Mr. Jones' and Mr. Hansen's claim satisfies diversity requirements. And the face of the Amended Complaint establishes that Mr. Jones' and Mr. Hansen's claim satisfies diversity requirements. The court therefore has original jurisdiction over this action. The supplemental plaintiffs, however, do not allege or assert that any of their claims independent of Mr. Jones' and Mr. Hansen's claim satisfy the diversity amount in controversy requirement. Thus, at issue is whether Mr. Jones' and Mr. Hansen's claim and the supplemental plaintiffs' claims are part of the "same case and controversy."

Mr. Fife asserts that the claims are not part of the same case or controversy because the parties entered into separate stock holder purchase agreements at different times in different places, which is supported by the Amended Complaint and agreements in the record. Additionally, he asserts that the communications between him and the each of the plaintiffs were

---

[4] 28 U.S.C. § 1367(a).

[5] *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, ___, 125 S.Ct. 2611, 2625 (2005).

separate and limited to the details of their individual transactions.

The Amended Complaint does not include any well-pleaded allegations that the claims are part of the same case and controversy. Moreover, in opposing the motions to dismiss, the supplemental plaintiffs have not explained why their claims are a part of the same case and controversy. In short, the supplemental plaintiffs have not made a prima facie showing that this court can exercise jurisdiction over their claims.

The supplemental plaintiffs have offered a cursory motion to amend the Amended Complaint. They have not, however, proposed any amendments or the grounds therefore. This court is not required to "read the minds of litigants to determine if information justifying an amendment exists."[6] Accordingly, the court dismisses the supplemental plaintiffs' claims without prejudice and denies their motions to amend.

## II. Motion to Dismiss Raymond Wilkin for Improper Venue

Mr. Fife moves to dismiss Mr. Wilkin on the basis of improper venue. When venue is challenged, the plaintiff bears the burden to show proper venue.[7] The procedure for deciding a motion to dismiss for improper venue is generally the same as the procedure for deciding a

---

[6]*Calderon v. Kansas Dep't of Soc. & Rehab. Servs.,* 181 F.3d 1180, 1187 (10th Cir. 1999) (noting request for leave to amend must give adequate notice of the basis of the proposed amendment before the court is required to recognize that a motion for leave to amend is before it) (quotations and citation omitted).

[7]*See Fodor v. Hartman*, No. 05-CV-02539-PSF-BNB, 2006 WL 1488894, at *3 (D. Colo. May 30, 2006); *Mohr v. Margolis, Ainsworth & Kinlaw Consulting, Inc.,* 434 F. Supp. 2d 1051, 1058 (D. Kan. 2006).

motion to dismiss for lack of personal jurisdiction.[8]  The court assumes that the well-pleaded, uncontroverted allegations in the complaint are true.[9]  When affidavits or documents outside the complaint are presented, the plaintiff need only make a prima facie case.[10]  The court resolves all factual disputes in the plaintiff's favor.[11]

> The applicable venue statute provides that a civil action may be brought in
>
> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . , or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.[12]

When Mr. Fife and Mr. Wilkin entered into the stock purchase agreement in 2000, Mr. Fife, the only defendant in this action, resided in Illinois not in Utah.  The Amended Complaint also alleges that Mr. Fife resides in Illinois.  Subdivision one, which provides for venue where a defendant resides, makes venue in Illinois proper, not in Utah.  Additionally, this is not a case that subdivision three contemplates – where there is no jurisdiction in which the action may otherwise be brought.  In addition to Mr. Fife residing in Illinois, at the time the parties entered into the stock purchase agreement, Mr. Wilkin resided in Ohio and according to the Amended Complaint still does.  Thus, venue is proper not only in Illinois but also possibly in Ohio.  In

---

[8]*See Mohr,* 434 F. Supp. 2d at 1057-58; *Summit Techs. of Ariz. v. Webster Assocs., Inc.*, No. 2:03-CV-00799 DS, 2004 WL 735040, at *1 (D. Utah Jan. 13, 2004).

[9]*See id.*

[10]*See id.*

[11]*See id.*

[12]28 U.S.C. § 1391(a).

short, there are jurisdictions other than Utah where the action may be brought. At issue, then is subdivision two – whether a substantial part of the events or omissions giving rise to the claims occurred in Utah.

In the Amended Complaint, Mr. Wilkin summarily alleges that the transactions occurred in Utah and concerned shares in URI (a Utah corporation). The stock purchase agreement – by which Mr. Wilkin sold his URI stock to Mr. Fife in 2000 – provides that Mr. Fife was a resident of Illinois and Mr. Wilkin was resident in Ohio. And Mr. Fife asserts that any of his misrepresentations or omissions occurred where he resides in Illinois or where Mr. Wilkin resides in Ohio.

In response, Mr. Wilkin emphasizes that Mr. Fife breached fiduciary duties by virtue of his position as a director and president of URI, which is Utah corporation and that Utah has as strong interest in ensuring that corporate officers who conduct business in the state comply with fiduciary duties imposed by local law. That may well be true for other purposes. However, the relevant inquiry under the venue statute is where a substantial part of the events and omissions occurred that gave rise to Mr. Wilkin's claims. Mr. Wilkin has not alleged facts indicating that a substantial part of the events or omissions giving rise to his claims occurred in Utah. Mr. Wilkin does not allege for example that Mr. Fife made a specific misrepresentation to Mr. Wilkin in Utah. Accordingly, the court dismisses Mr. Wilkin's claims without prejudice.

Like the supplemental plaintiffs, Mr. Wilkin has offered a cursory motion to amend the Amended Complaint. He has not, however, proposed any amendments or the grounds therefore. This court is not required to speculate how Mr. Wilkin might cure the defect in the

Amended Complaint.[13]  Accordingly, the court denies Mr. Wilkin's motion to amend.

### III.     Motion to Dismiss Mr. Jones and Mr. Hansen for Failure to State a Claim and Plead with Particularity

Mr. Fife contends that pursuant to Rule 12(b)(6), the court should dismiss the Amended Complaint because it fails to state a claim.  In reviewing Rule 12(b)(6) motions, the court accepts "as true all well pleaded factual allegations in the amended complaint," and views them "in the light most favorable to the nonmoving party."[14]  Such motion will not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief."[15]  The court does "not weigh potential evidence" but assesses "whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[16]

Mr. Fife contends that causation is an essential element of Mr. Jones' and Mr. Hansen's (and the other plaintiffs') claims and the Amended Complaint does not plead that he caused Mr. Jones and Mr. Hansen (along with the other plaintiffs) damage.  The Amended Complaint, however, alleges (1) specific fiduciary duties Mr. Fife owed the plaintiffs, (2) conduct by Mr. Fife that breached these duties, and (3) that by the breaches the plaintiffs have been damaged.  The Amended Complaint further alleges that Mr. Fife made misrepresentation and omissions, the

---

[13] *See Calderon,* 181 F.3d at 1187 (10th Cir. 1999).

[14] *E.g., County of Santa Fe, N.M. v. Public Serv. Co. of N.M.*, 311 F.3d 1031, 1034 (10th Cir. 2002) (quotations and citation omitted).

[15] *Id.* at 1035 (quotations and citation omitted).

[16] *Id.* (quotations and citation omitted).

plaintiffs relied on those misrepresentations and omissions, and that they were thereby damaged. These allegations sufficiently allege that Mr. Fife caused the plaintiffs damage.

Mr. Fife makes much of the plaintiffs' allegation that he purchased shares from the plaintiffs between 2000 and 2003, then URI offered a substantially higher price for shares in the 2004 reverse- split, thereby causing the plaintiffs to receive less than they would have – presumably had they known that URI and Mr. Fife intended in 2000-2003 to conduct the 2004 reverse split. Mr. Fife contends that this allegation requires several unpleaded assumptions to connect his actions to the plaintiffs' harm. The court agrees that this allegation alone would be not be sufficient to support that Mr. Fife's actions caused the plaintiffs' damage. This allegation, however, does not stand alone but is one in a list of allegations as to how Mr. Fife breached fiduciary duties to the plaintiffs. The plaintiffs have additionally alleged that Mr. Fife breached fiduciary duties by purchasing their shares at a price that he "knew or should have known to be substantially below the fair market value of the shares." They also alleged Mr. Fife failed to disclose material information regarding URI's financial condition. The plaintiffs then assert that by reason of these breaches, they have been damaged. Based upon the additional, independent allegations, the court denies the motion to dismiss Mr. Jones and Mr. Hansen in this regard.

Mr. Fife also moves to dismiss Mr. Jones and Mr. Hansen on the basis that they have not pleaded why a pre-action demand on MGO would have been futile as required Rule 23.1. In relevant part, Rule 23.1 requires that a derivative shareholder plaintiff shall "allege with particularity the efforts, if any, made by the plaintiff to obtain the action the plaintiff desires from the directors or comparable authority and, if necessary, from the shareholders or members, and the

reasons for the plaintiff's failure to obtain the action or for not making the effort."[17]  In their Amended Complaint, Mr. Jones and Mr. Hansen allege only that it would have been futile to make a demand upon MGO and that they were aware based upon prior dealings that the president of MGO would be unwilling to pursue the claims against Mr. Fife.  The court agrees with Mr. Fife that these allegation are not sufficient to satisfy Rule 23.1.

     Mr. Jones and Mr. Hansen, however, in their opposition memorandum assert additional facts in support of their allegation that the demand would have been futile.  Specifically, they assert a relationship between Mr. Fife and MGO's president, the president's control over MGO, ongoing disputes between the parties, and that MGO's president has refused to join in litigation against Mr. Fife or efforts to challenge Mr. Fife's management of URI.  Additionally, Mr. Jones and Mr. Hansen have filed a motion to amend (albeit a cursory motion) their Amended Complaint.  Without addressing whether the additional facts will ultimately support a determination that a pre-action demand would have been futile, the court grants Mr. Jones' and Mr. Hansen's motion to amend the Amended Complaint to include allegations that meet the particularity requirements of Rule 23.1.

     Mr. Fife also moves to dismiss the Amended Complaint on the basis that the breach of fiduciary duty and misrepresentation claims sound in fraud and therefore must be pleaded, but were not pleaded, with particularity pursuant to Rule 9(b).  Rule 9(b) provides that "the circumstances constituting fraud or mistake shall be stated with particularity."[18]  However, in

---

[17] Fed. R. Civ. P. 23.1

[18] Fed. R. Civ. P. 9(b).

general, a fiduciary duty claim need not comply with Rule 9(b) because the claim is usually based on negligence.[19]  Only when the breach is based on fraud, must the claim comply with Rule 9(b)'s particularity requirement.[20]

Here, the breach of fiduciary duty claim appears to be based on fraud and negligence.  The claim alleges that Mr. Fife intended to carry out the 2004 reverse split when he purchased the plaintiffs' shares.  This allegation seems based on fraud.  Additionally, in support of their claim for punitive damages, the plaintiffs allege that Mr. Fife's conduct was wilful, malicious, intentional, fraudulent, or manifested a knowing and reckless disregard of their rights.  The claim, however, also alleges the elements of a negligence claim– duty, breach, cause and damage.[21]  The claim alleges that Mr. Fife had disclosure duties; breached these duties by purchasing their shares of URI stock at a price that Mr. Fife "knew *or should have known* to be substantially below the fair value at the time of the transactions;" and thereby caused the plaintiffs' damages.  Because the allegations sound in negligence at least in part, the court declines to dismiss the breach of fiduciary duty claim.

Mr. Jones and Mr. Hansen concede that their misrepresentation claim is subject to Rule 9(b)'s heightened pleading requirements.  The Tenth Circuit requires that a claim alleging fraud must set forth: (1) the time, place, and contents of the false representation; (2) the identity of the

---

[19]*See Precision Vascular Sys., Inc. v. Sarcos, LC*, 199 F. Supp. 2d 1181, 1191 (D. Utah 2002).

[20]*See id.*

[21]*See id.*

party making the representation; and (3) the consequences thereof.[22]  The court agrees with Mr. Fife that the misrepresentation claim does not sufficiently set forth the time, place, and contents of any misrepresentation or omission.  For example, the claim does not allege what misrepresentation was made, to whom it was made, and when or where it was made.

Nonetheless, the court has granted Mr. Jones and Mr. Hansen leave to amend their Amended Complaint to plead facts showing that demand on MGO was futile.  The court will also allow them leave to plead any facts they have showing misrepresentation as required by Rule 9(b).  Such amended complaint shall be filed and served on or before February 21, 2007.

The court notes that the October 6, 2006 initial pretrial conference was vacated because of the pending motions to dismiss.  It is possible the parties may wish to file additional motions.  The court, however, intends to move this matter forward so that any trial may be held in May 2008.  The court therefore ORDERS that an Initial Pretrial Conference before Magistrate Judge Warner shall be held on April 18, 2007 at 2:00 p.m.   The parties shall prepare or arrange a schedule to bring this matter to a conclusion no later than May 31, 2008.

## CONCLUSION

Based upon the foregoing, the court HEREBY GRANTS without prejudice Mr. Fife's motions to dismiss for lack of jurisdiction Mr. Baral, DDS; Mr. Courtney; Ms. Ralphs as Trustee of the T.F. Ralphs Living Trust; Barbara Stottern (## 11, 13, 15, 17).  The court DENIES these plaintiffs' motions to amend.  The court directs the court clerk to terminate them as parties to this action.  The court also GRANTS without prejudice Mr. Fife's motion to dismiss Mr. Wilkin for

---

[22]*See, e.g., Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1235 (10th Cir. 2000).

improper venue (#19) and DENIES his motion to amend.  The court directs the court clerk to terminate Mr. Wilkin as a party to this action.  The court GRANTS AND DENIES IN PART Mr. Fife's motion to dismiss Mr. Jones' and Mr. Hansen's derivative claims (#9).  The court GRANTS Mr. Jones' and Mr. Hansen's motion to amend.  On or before February 21, 2007, Mr. Jones and Mr. Hansen shall file and serve an amended complaint in accordance with this order.  Finally, the court ORDERS that an Initial Pretrial Conference before Magistrate Judge Warner shall be held on April 18, 2007 at 2:00 p.m.   The court may enter a scheduling order and vacate the hearing if counsel (1) file a stipulated attorneys planning meeting report; and (b) e-mail a proposed scheduling order to ipt@utd.uscourts.gov 30 days before the scheduled hearing.  See instructions at http://www.utd.uscourts.gov/documents/ipt.html.

    SO ORDERED.

    DATED this 5th day of February, 2007.

BY THE COURT:

_____
Paul G. Cassell
United States District Judge